# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN PORTER LOPEZ,<br><br>          Plaintiff(s),<br><br>v.<br><br>TRUCKING MASTERS, LLC, et al.,<br><br>          Defendant(s). | Case No. 2:24-cv-01126-GMN-NJK<br><br>**Order**<br><br>[Docket No. 2] |

Pending before the Court is Defendant Trucking Masters, LLC's certificate of interested parties. Docket No. 2.

To assist federal courts in ensuring that diversity jurisdiction exists,[1] the disclosure statement filed by each party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Hence, the pertinent inquiry as to LLC citizenship is "not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). If an LLC's owners/members are themselves an LLC (or another unincorporated association), then the Court must know the identity and citizenship of the sub-members, and so on. *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011).

Defendant Trucking Masters' certificate of interested parties does not provide this information. Docket No. 2.[2]

---

[1] This case was removed on diversity jurisdiction grounds. *See* Docket No. 1.

[2] The petition for removal provides Trucking Masters' place of incorporation and principal place of business, Docket No. 1 at 2, which is irrelevant for diversity purposes as to an LLC.

1

Accordingly, Defendant Trucking Masters, LLC must file an amended certificate of interested parties complying with Fed. R. Civ. P. 7.1(a)(2) by June 28, 2024.

IT IS SO ORDERED.

Dated: June 21, 2024

Nancy J. Koppe
United States Magistrate Judge